Beockenbeotjgh, J.
This record certainly exhibits but a poor specimen of skill in pleading. Here are fifteen counts in a declaration in a plain action of assumpsit, the greater part of which are so defective, that they *150 will not stand the test of a general demui-rer. Yet the defendant’s attorney was not adroit enough to avail himself of the defects, and has sustained a defeat in the court below; and I do not think this court can help him.
Taking up the question upon the original declaration with its four counts, and the- pleadings and proceedings upon it, on the hypothesis, that the trial was on the original declaration; the first, second and fourth counts were demurred to; and, without examining them very critically, I am inclined to think they are all bad on general demurrer. The third count is on an insimul computassent, and it was not demurred to. The court overruled the demurrer, and a trial was had on the plea of non assumpsit to the four counts. There was a general verdict for the plaintiff. The defendant did not move the court to instruct the jury to disregard the faulty counts, as he might have done. Entire damages having been given, the statute says the verdict shall be good. It shall be good, because the evidence before the jury might have been applicable to the good count, and have completely sustained its allegations. If the evidence was really such as would not fit that count, the defendant might have applied to the court to instruct the jury, that if in their opinion the count was not supported by the evidence, they ought to find for the defendant on that count; and if the court refused to give such instruction, the defendant might have excepted, and in his bill have inserted the evidence, which would have shewn to the appellate court, whether or no there should have been a verdict for the plaintiff on that count. If there ought not to have been, then the judgment founded thereon would have been reversed, because of the insufficiency of the other counts to support the action, and of the good count not being supported by the evidence. But, as the case stands, I do not think the judgment should -be reversed, although *151 the demurrer to the three counts ought to have been sustained. No injury was done to the defendant by overruling the demurrer, considering it as a demurrer to each ol the three counts; because there was one good couut, which, it appears, the plaintiff supported by his proofs.
But if I am wrong in this view of the proceedings on the original declaration, yet on the amended declaration I think it is clear, that the verdict and judgment must be supported. There are eleven counts, and one of them, that on the insimul computassent, is clearly good. This amended declaration is a substantive one, and takes the place of the original; and in fact the trial was on that declaration. The defendant demurred to the whole declaration. It has been too long established to be now doubted, that if a declaration contains sundry counts, some of which are good and some bad, and there is a general demurrer to the whole, the demurrer ought to be overruled. Roe v. Crutchfield, 1 Hen. & Munf. 361. Duke of Bedford v. Alcocke, 1 Wils. 248.
The remaining objection is, that on this amended declaration the jury are sworn to try the issue, when in fact there was no plea pleaded by the defendant to that declaration, and consequently no issue to be tried. But the answer given was, that non assumpsit was pleaded to the original declaration, and was never withdrawn, and that that plea stood as the plea to the new declaration ; and so are the authorities. Eppes v. Demoville, 2 Call 22. and Vaden v. Bell, 3 Band. 448.
I think the judgment ought to be affirmed.
Carr, J.
The questions here do not touch the merits, but turn entirely on the pleadings. I incline to think that the first count in the original declaration was good on general demurrer; and if the case rested wholly on that point, I should not be inclined to reverse the judgment. But I consider the original declaration *152 wholly discarded, from the cause by the subsequent proceedings. Although the plaintiff had the judgment of the court in his favour upon the demurrer to the original declaration, he did not choose to rest his case upon that; but, with leave of the court, began de novo, and filed an entirely new declaration; one, not purporting to be part of another, but forming a whole within itself, and taking place of the former, just as much as if it had never been filed,'or as if there had been formal leave to cancel it and substitute the last for it. There could have been no other end but this substitution, in such a proceeding. After this, I consider it perfectly immaterial, whether the demurrer to the former counts was correctly overruled or not; that whole proceeding was withdrawn, and gone over again. The defendant, if he had chosen, might have taken his chance of objecting to this proceeding; but he did not choose to do so: he preferred to let his plea stand, and to file a general demurrer to the new declaration, and by these proceedings he must stand or fall. That there are good counts in this new declaration-, I have no doubt; and as the demurrer is general to all the counts, I think it must be overruled. For I am of opinion, that we are to follow Roe v. Crutchfield; that where there is a demurrer to the whole declaration, if there be one good count, the demurrer must be overruled. That the practice has been so long settled, would be reason enough for this course, unless it could be shewn that it operated unjustly or inconveniently;' neither of which can I see. The defendant may demur to any particular count, and thereby put in issue its sufficiency, but when he demurs to the whole declaration, and thereby makes an issue whether there be sufficient matter in the whole to maintain the action, it is against him if there be one good count, and the demurrer should be overruled. With respect to the objection, that there was no plea to the new declaration, our cases have decided that the *153 plea put in to the first declaration, if not withdrawn, stands to the second. The defendant may plead de novo, but he is not obliged to do so. The judgment should be affirmed.
Cabell, J.
As the second declaration must be regarded as a new and substantive one, and as a substitute for the first, it is unnecessary to inquire, whether the judgment of the court overruling the demurrer to the first declaration, was correct or incorrect. The second declaration contained eleven counts; and although it might be admitted that some of them are bad, yet it cannot be doubted, that one of them at least, the insimul computassent, is good. To this declaration there was a general demurrer. In such a case, 1 think it would be proper, and, perhaps, more conducive to justice, if the court were to discriminate between the good and the bad counts, overruling the demurrer as to the good, and sustaining it as to the bad. If, however, the court fails to do so, and overrules the demurrer generally, without making such discrimination, I do not think it such an impropriety as to justify the reversal of the judgment. The defendant by demurring to each count, might have compelled the court to pronounce its judgment on each. Not having done so, but having demurred to the whole declaration as insufficient, when in fact one count thereof was sufficient to maintain the plaintiff’s action, he cannot complain that his demurrer was overruled. Nor was he left without redress; for he might have objected to all evidence in support of the bad counts. The defendant having failed to plead to the substituted declaration, must, according to the decisions of this court, be considered as relying on his plea to the first declaration, as his plea to the second. I, think the judgment must be affirmed.
Brooke, J. concurred.